# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER BUTTS**, *et al.*, | :
|                **Plaintiffs,** | :
| v. | :    **3:12-CV-1330**
| | :    **(JUDGE MARIANI)**
| **SOUTHWESTERN ENERGY PRODUCTION CO.** | :
|                **Defendant.** | :

## OPINION

### I. Introduction

Presently before the Court is Defendant's Motion for Reconsideration (Doc. 60) of the Court's Order (Doc. 59) denying its Motion for Summary Judgment (Doc. 38). For the reasons that follow, the Court will deny Defendant's Motion for Reconsideration.

### II. Standard of Review

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected

to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## III. Analysis

### A. The Court Properly Applied the Summary Judgment Standard

Defendant Southwestern Energy Production Company ("SEPCO" or "Defendant") contends that the Court committed clear error in its August 12, 2014 Opinion (Doc. 54) by misapplying the standard for a motion for summary judgment. (Doc. 61 at 1). SEPCO asserts that the Court applied the standard articulated in Justice Brennan's dissent in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), which it argues "is materially different than the majority's" analysis. (Doc. 61 at 1).

Though the Court's Opinion denying summary judgment should have, but did not, make clear that its quotation from *Celotex* on page two of the Opinion was to Justice Brennan's dissenting opinion, the Court's citation to the Brennan dissent does not present an error of law. The Third Circuit Court of Appeals has quoted Justice Brennan's dissent in *Celotex* and stated, "Justice Brennan's dissent does not differ with the opinion of the Court

2

regarding the appropriate standards for summary judgment. The disagreement is with respect to the application of those standards to the record before the Court in *Celotex*." *In re Bressman*, 327 F.3d 229, 237 & n.3 (3d Cir. 2003). In *Wisniewski v. Johns-Manville Corp.*, the Third Circuit noted that Justice Brennan's dissent "agreed with the majority's articulation of the appropriate legal standard" for summary judgment and quoted it at length. 812 F.2d 81, 84 n.2 (3d Cir. 1987). *See also State Farm Fire & Cas. Co. v. Steffen*, 948 F. Supp. 2d 434, 438 (E.D. Pa. 2013), *appeal dismissed* (July 19, 2013) (quoting Justice Brennan's dissent and noting that "[h]is analysis is instructive"); 10A C. Wright et at., *Federal Practice & Procedure* § 2727 (3d ed. 1998) ("Wright") ("Although the Court issued a five-to-four decision [in *Celotex*], the majority and dissent both agreed as to how the summary-judgment burden of proof operates[.]").

In *Celotex*, "the dissent agreed with the majority that the movant need not present affidavits or new evidence of its own to meet its initial burden, but may premise its summary-judgment motion on an attack of the opponent's evidence." Wright, § 2727. Where the nonmoving party has the burden of persuasion at trial, the *Celotex* majority stated that the moving party's initial burden of production "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, the *Celotex* majority did not make clear what constitutes such a "showing." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991) ("Justice Rehnquist's

3

[majority] opinion in *Celotex* does not explain exactly how the moving party may show the court that the nonmoving party will be unable to prove its case."). Both Justice White's concurring opinion, which provided the decisive fifth vote in *Celotex*, and Justice Brennan's dissent explained that conclusory assertions that the nonmoving party lacks evidence or factually unsupported motions are insufficient to establish an initial showing. 477 U.S. at 328 (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case."); 477 U.S. at 332 (Brennan, J., dissenting).

Since *Celotex*, the Third Circuit has followed Justices Brennan and White in finding that conclusory assertions are insufficient. *Wisniewski*, 812 F.2d at 84 n.2 ("[A] conclusory assertion that the nonmoving party has no evidence is insufficient.") (quoting *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)). *See also Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006) ("Where, as here, the nonmovant bears the burden of proof at trial, the movant may [not] show prima facie entitlement to summary judgment . . . simply [by] denying the opponent's pleadings."); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1105 (9th Cir. 2000) ("A moving party may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence."); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996) ("But even after *Celotex*, an unsupported—or 'naked'—motion for summary judgment does not require the nonmovant to come forward with evidence to support each and every

4

element of its claims."); *Handeen v. Lemaire*, 112 F.3d 1339, 1346-47 (8th Cir. 1997) ("Any contrary rule would be fundamentally unfair and would permit a defendant, with very little effort on its own part, to place upon a plaintiff an unwarranted responsibility to substantiate each element of its case or face summary dismissal.").

To discharge its "initial burden on summary judgment," the moving party must "identify those portions of the record demonstrating the absence of a genuine issue of material fact." *Cooper v. Hoover*, 2008 WL 341639, at *1 (M.D. Pa. 2008) (quoting Justice Brennan's dissent and referring to *Wisniewski* as "the Third Circuit's interpretation of *Celotex*"); *Wisniewski*, 812 F.2d at 84 n.2. "It is well established that a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, *and* identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145 (3d Cir. 2004) (emphasis added) (quoting *Celotex*, 477 U.S. at 323). In *Wisniewski*, the Third Circuit stated that Justice Brennan's dissent "further explained the burden of the moving party" and quoted it at length. *Wisniewski*, 812 F.2d at 84 n.2.

> [A] party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. . . . This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may

> demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record.

*Id.* (quoting *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)) (ellipses in *Wisniewski*).

Thus, in this matter, SEPCO did not need to produce its own "affidavits or other similar materials *negating* the opponent's claim" to meet its initial burden. *See Celotex*, 477 U.S. at 323 (emphasis in original). However, it did need to "affirmatively show the absence of evidence in the record." *See Wisniewski*, 812 F.2d at 84 n.2 (quoting *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)). If SEPCO met its initial burden, the burden of production would have shifted to Plaintiffs "to rebut the motion with facts in the record," and they could have not "rest[ed] solely on assertions made in the pleadings, legal memoranda, or oral argument." *See Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). If Plaintiffs then "failed to make a sufficient showing on an essential element of [their] case," then summary judgment would have been appropriate. *See Celotex*, 477 U.S. at 323.

If, on the other hand, SEPCO did not discharge its initial burden, then Plaintiffs would not have been required "to respond with specific facts establishing a genuine issue" of material fact. *See Conoshenti*, 364 F.3d at 146 (citing *Celotex*, 477 U.S. at 322). When "the movant's papers themselves demonstrate the existence of a genuine dispute of material fact," the nonmoving party "does not have a duty to present evidence in opposition to a motion" for summary judgment. Wright § 2727 (citing, *inter alia*, *Drexel v. Union Prescription Ctrs., Inc.*, 582 F.2d 781, 790 (3d Cir. 1978)). In *Drexel*, the Third Circuit stated, "the movant for summary judgment has the burden of demonstrating the absence of genuine

issues of material fact, and even if the opposing party fails to file contravening affidavits or other evidence, summary judgment must still be 'appropriate' and will be denied where the movant's own papers demonstrate the existence of material factual issues." 582 F.2d at 790 (internal citation omitted) (citing, *inter alia*, *Adickes v. Kress & Co.*, 398 U.S. 144, 159-61, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). The Third Circuit subsequently stated, quoting *Adickes*, "a movant must present a factual scenario without any 'unexplained gaps.'" *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992) (quoting *Adickes*, 398 U.S. at 158).[1]

In addition to an initial burden of production, the "ultimate burden of persuasion" to establish the absence of a genuine issue of material fact "always remains on the moving party." *Steffen*, 948 F. Supp. 2d at 438 (internal quotation marks and brackets omitted) (quoting *Celotex*, 477 U.S. at 330 (Brennan, J., dissenting) (noting that the "burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment" and that this "burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party.")).

---

[1] In *Celotex*, the Supreme Court reaffirmed *Adickes*, stating that it "fully agree[d] with the *Adickes* Court" that the 1963 amendment to Fed. R. Civ. P. 56 "'was not intended to modify the burden of the moving party . . . to show initially the absence of a genuine issue concerning any material fact.'" *Celotex*, 477 U.S. at 325 (quoting *Adickes*, 398 U.S. at 159).

Having explained what SEPCO needed to do to discharge its initial burden of production and its ultimate burden of persuasion, the Court again discusses how Defendant failed to demonstrate the absence of any genuine issue of material fact.

B. Disputed Issues of Material Fact

Plaintiffs Christopher Butts, Julianne Griepenburg, Laura Butts, James McCrone and Ann Marie McCrone (collectively "Plaintiffs") filed a Complaint (Doc. 1) against Defendant alleging private nuisance (Count I) and negligence (Count II) in connection with SEPCO's oil and natural gas drilling operation near their Lenox, Pennsylvania homes. Following discovery, SEPCO filed a Motion for Summary Judgment. (Doc. 38). In its August 12, 2014 Opinion, the Court denied Defendant's Motion, concluding:

> [T]here are two main issues of fact that preclude summary judgment. First, there is a dispute as to whether the amount of sound and light SEPCO emits constitutes "significant harm, of a kind that would be suffered by a normal person in the community[.]" See Kembel [v. Schlegel, 329 Pa. Super. 159, 166, 478 A.2d 11,] 15 [(1984)]. Second, the parties dispute whether Defendant's conduct caused Plaintiffs' water contamination.

(Doc. 54 at 19).

*1. Excessive Noise and Light Nuisance Claims*

With regard to Plaintiffs' nuisance claims, Defendant argued, "Plaintiffs have offered insufficient evidence to sustain their burden of proving that any noise [or light] associated with SEPCO's operations near Round Pond was or is 'excessive' to a person of ordinary sensibilities." (Doc. 40 at 10-15). Defendant contended that the "principal problem" with their nuisance claims "is that the only evidence Plaintiffs offer is their own testimony that

8

they do not like the noise or the light from the natural-gas operation." (Doc. 51 at 12 (emphasis in original)). According to SEPCO, Plaintiffs' deposition testimony was legally insufficient, since they were required to quantify the decibels levels and foot-candles Defendant emitted for "interpret[ation] by an expert" and comparison to Susquehanna County Subdivision and Land Development Ordinances. (Doc. 40 at 13-15). In response, Plaintiffs maintained that their testimony was legally sufficient and that they were not required to produce quantitative proof or expert evidence. (Doc. 45 at 11-13). The Court agreed. (*See* Aug. 12, 2014 Op., Doc. 54, at 5-8).

SEPCO's contention did not constitute an initial showing under *Celotex*, 477 U.S. at 325, because its "own papers demonstrate[d] the existence of material factual issues." *See Drexel*, 582 F.2d at 790. The Court found that a reasonable jury could find that the sound and light emitted would be objectionable to an ordinary person based on the deposition testimony SEPCO cited. Accordingly, SEPCO, "as the moving party, did not satisfy its initial burden of pointing to an absence of evidence as to" Plaintiffs' private nuisance claims. *See Conoshenti*, 364 F.3d at 146. Plaintiffs were "therefore not required . . . to respond with specific facts" or other rebuttal evidence. *See id.* (citing *Celotex*, 477 U.S. at 322).[2]

Thus, there is a genuine issue of material fact as to whether SEPCO's conduct constitutes a private nuisance.

---

[2] Even if SEPCO's pointing to Plaintiffs' deposition testimony constituted an initial showing, Plaintiffs discharged their burden by similarly pointing to their deposition transcripts. Because the Court found Plaintiffs' deposition testimony was sufficient to demonstrate a genuine issue of material fact, the Court properly denied Defendant's Summary Judgment Motion.

### *2. Water Contamination Claims*

With regard to Plaintiffs' water contamination claims, SEPCO asserted that their proof of causation was legally insufficient since "Plaintiffs have offered no expert evidence that any contamination of the water wells was *caused* by SEPCO." (Doc. 40 at 7-8 (emphasis in original)). As with the nuisance claims, SEPCO pointed to Plaintiffs' deposition testimony. Defendant contended, "[E]very plaintiff who claims water contamination admitted in their depositions that the only basis they have for claiming that SEPCO is responsible for alleged contamination is timing: that they first noticed what they believe to be contamination around the time SEPCO began work at Round Pond." (Doc. 40 at 7). In response, Plaintiffs maintained that their testimony was legally sufficient and that they were not required to produce expert evidence. (Doc. 45 at 9-11). The Court agreed. (*See* Aug. 12, 2014 Op., Doc. 54, at 11).

Here, again, SEPCO's "own papers demonstrate[d] the existence of material factual issues." *See Drexel*, 582 F.2d at 790. The Court found that a reasonable jury could find that Defendant's conduct caused the alleged water contamination based on the deposition testimony SEPCO cited.[3] Accordingly, SEPCO, "as the moving party, did not satisfy its initial burden of pointing to an absence of evidence as to whether" it caused Plaintiffs' water contamination. *See Conoshenti*, 364 F.3d at 146. Plaintiffs were "therefore not required . . .

---

[3] The Court likened the case at bar to *Roth v. Cabot Oil & Gas Corp.*, 919 F. Supp. 2d 476 (M.D. Pa. 2013), which involved similar firsthand observations and timing. (*See* Aug 12, 2014 Op., Doc. 54, at 8-11).

to respond with specific facts" or other rebuttal evidence. *See id.* (citing *Celotex*, 477 U.S. at 322).[4]

Whereas SEPCO's original basis for contesting causation was that Plaintiffs lacked expert testimony (Doc. 40 at 7-8); in its Summary Judgment Reply Brief, SEPCO offered an additional argument (Doc. 51 at 5-6). It asserted that Plaintiffs proffered "no proper evidence" as to the alleged relationship between Defendant and Brainard Explosives, LLC ("Brainard"). (*Id.* at 5). To support this assertion, SEPCO pointed to an answer it provided to one of Plaintiffs' interrogatories and contended that this answer was sufficient to discharge its initial burden. (*Id.* at 5-6). In the interrogatory at issue, Plaintiffs requested that Defendant "[p]rovide the name(s) of all companies who performed blasting activities near Round Pond and associated with gas exploration activities for the Wells." (Def.'s Ex. G, Doc. 38-1). SEPCO responded, "Brainard Explosives, LLC, but not for the Wells." (*Id.*).

SEPCO's response did not point to evidence in the record to support its denial that Brainard's blasting activities were in connection with, related to, or at the behest of SEPCO itself. Instead, it offered a careful, but limited, response that Brainard performed blasting activities "but not for the Wells." Such a specific and limited denial does not constitute the required initial showing under *Celotex*, 477 U.S. at 325. Given the lack of relevant record evidence, the relationship between Brainard and Defendant presents an "'unexplained gap'

---

[4] In its Motion for Reconsideration Reply Brief, Defendant notes that Plaintiffs did not offer their own evidence in opposition to SEPCO's Motion for Summary Judgment but, instead, relied on the summary judgment record Defendant tendered. (Doc. 66 at 2). As stated, Plaintiffs were not required to offer any rebuttal evidence since SEPCO's "own papers demonstrate[d] the existence of material factual issues." *See Drexel*, 582 F.2d at 790.

in [SEPCO's] version of events which requires a denial of summary judgment." *See Nat'l State Bank*, 979 F.2d at 1583 (quoting *Adickes*, 398 U.S. at 158). Plaintiffs were "therefore not required . . . to respond with specific facts establishing a genuine issue" of material fact. *See Conoshenti*, 364 F.3d at 146 (citing *Celotex*, 477 U.S. at 322).

Thus, there is a genuine issue of material fact as to whether SEPCO caused Plaintiffs' alleged water contamination. Since Plaintiffs allege water contamination not only as part of their nuisance claim but also as part of their negligence claim, and since the causation analysis discussed above applies to both claims, there is also an issue of fact as to whether Defendant negligently caused the alleged contamination. (*See* Aug. 12, 2014 Op., Doc. 54, at 17-18).

In sum, Defendant did not discharge its initial burden of production in seeking summary judgment regarding the claims discussed. SEPCO's "version of events," based on the modest summary judgment record submitted, contained "'unexplained gap[s]' . . . which requires a denial of summary judgment." *See Nat'l State Bank*, 979 F.2d at 1583 (quoting *Adickes*, 398 U.S. at 158).[5] The arguments SEPCO raised in its Opening Brief in Support of Summary Judgment (Doc. 40) were undermined by the fact that its "own papers demonstrate[d] the existence of material factual issues." *See Drexel*, 582 F.2d at 790. Defendant's Reply Brief argument did not "affirmatively show the absence of evidence in the

---

[5] Although *Nat'l State Bank* involved a party moving for summary judgment that had the burden of proof at trial, the Third Circuit stated, "Even if [the movant] did not bear the burden of proof at trial, there is still an 'unexplained gap' in its version of events which requires a denial of summary judgment." 979 F.2d at 1582-83 (quoting *Adickes*, 398 U.S. at 158).

12

record." See Wisniewski, 812 F.2d at 84 n.2 (quoting Celotex, 477 U.S. at 332 (Brennan, J., dissenting)). Because Plaintiffs' water contamination claim as well as their excessive noise and light nuisance claims present genuine issues of material fact, the Court need not consider whether Plaintiffs' other grounds for their nuisance and negligence claims present additional issues for trial. (See Aug. 12, 2014 Op., Doc. 54, at 16-18).

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's Motion for Reconsideration (Doc. 60). A separate Order follows.

Robert D. Mariani
United States District Judge